**EPPENDORF–NETHELER–HINZ GMBH, d/b/a Eppendorf AG, Plaintiff–Counter–Defendant–Appellant,**

v.

**NATIONAL SCIENTIFIC SUPPLY CO., INC.; Sorenson BioScience; International Mold Engineering, Inc. d/b/a Bioamerican Imec; Axygin Scientific, Inc.; Mid Engineering, Inc., Third–Party–Defendants,**

**Marsh Biomedical Products, Inc., Defendant–Counter–Claim–Third–Party–Plaintiff–Appellee.**

**Enterton Company Establishment; National Labnet Company; PZ HTL S.A., Defendants–Appellees.**

**Nos. 00–9138L, 00–9498CON.**

United States Court of Appeals, Second Circuit.

July 13, 2001.

Joseph V. Jest, Brown & Wood LLP, New York, NY; Peter J. Toren on the brief, for appellant.

William P. Smith, Woods, Oviatt, Gilman Sturman & Clark LLP, Rochester, NY, for defendant -counter-claim-third-party-plaintiff-appellee Marsh Biomedical Products, Inc. (on submission), Robert G. Sugarman, Weil, Gotshal & Manges LLP, New York, NY, for defendants-appellees Enterton Company Establishment and PZ HTL S.A.; Jonathan S. Shapiro on the brief, Alan S. Naar, Greenbaum, Rowe, Smith, Ravin, Davis & Himmel LLP, Woodbridge, NJ, for defendant-appellee National Lab-net Company, Inc. (on submission), for appellee.

Present JACOBS and LEVAL, Circuit Judges, MURTHA, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

---

* The Honorable J. Garvan Murtha, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

**104**

AND DECREED that the judgment of the district court be AFFIRMED.

Eppendorf AG brought suit against several medical supply companies—including Marsh Biomedical Products, Enterton Company Establishment, National Labnet Company, and PZ HTL S.A. (collectively, "defendants-appellees")—for trademark infringement, trade dress infringement, and false advertising. The United States District Court for the Southern District of New York (Motley, J.) granted defendants-appellees' motion to dismiss on the ground of laches. See *Eppendorf–Netheler–Hinz GmbH v. Enterton Co.*, 89 F.Supp.2d 483 (S.D.N.Y.2000). The district court then *sua sponte* vacated a default judgment entered against Enterton and dismissed the claim with respect to that defendant as well. Eppendorf appeals both (i) the grant of summary judgment and (ii) the vacatur of the default.

*Background.* Eppendorf is a manufacturer of medical and laboratory supplies. Among other products, it manufactures a line of pipettes and pipette dispenser syringes. (A pipette is used to accurately dispense liquid for the purposes of medical and laboratory testing; pipette dispenser syringes are disposable tips attached to the pipettes.) Eppendorf markets pipette dispenser syringes under the trademark "Combitips." Combitips were introduced on the market in the 1970's and are marketed world-wide.

Enterton founded a subsidiary, PZ HTL, to manufacture competing pipettes and pipette dispenser syringes. PZ HTL used a design similar to Eppendorf's, such that the same dispenser syringes could be used with either company's pipettes, and marketed its dispenser syringes under the name "Combi–Syringe." PZ HTL began selling Combi–Syringes in the mid–1980's, primarily in Europe and Asia. In 1990, PZ HTL began distributing its Combi Syringes in the United States through National Labnet Company. Labnet, in turn, sometimes uses dealers to market the product, including defendant-appellee Marsh Biomedical Products. Just before the commencement of this suit, PZ HTL was spun off by Enterton and became an independent company. The defendants-appellees' production and/or sale of Combi–Syringe pipette dispenser syringes forms the basis of this suit.

Eppendorf has known about the marketing of Combi–Syringes since the mid–1980s, and has known since 1990 that they were being marketed in the United States. Eppendorf claims that, during the 1980s and early 1990s, it deemed them to be no market threat because of the dominance and superiority of its own products, especially in light of the limited manufacturing capacity of PZ HTL. In 1992, PZ HTL approached Eppendorf for a license to manufacture Eppendorf's pipette. Eppendorf refused, but entered into negotiations with the aim of forming a joint venture for the production of dispenser syringes using Eppendorf manufacturing techniques. These negotiations continued until 1995, but the parties reached no agreement. It is disputed whether the alleged intellectual property infringement was discussed during these negotiations.

In 1996, Enterton and PZ HTL sued Eppendorf in Germany alleging that Eppendorf led the companies to believe that it would execute a joint venture agreement, and caused the companies to rely to their detriment on that expectation. The suit was dismissed in 1998, and Enterton/PZ HTL appealed. Shortly thereafter, Eppendorf commenced the present suit.

In March 2000, the district court granted defendants-appellees' motion for summary judgment, finding: (i) that the delay between the date when Eppendorf first knew of the alleged infringement (1990) and its commencement of the suit (1998)

amounted to presumptive laches, which Eppendorf failed to rebut, *see Eppendorf,* 89 F.Supp.2d at 485–86; (ii) that even if the presumption did not apply, the defendants-appellees had met the standard for affirmatively pleading laches, *see id.* at 486–87; and (iii) that the defendants-appellees had not acted in bad faith (and could therefore assert the equitable defense), *see id.* at 487–88.

The district court's original order of dismissal omitted PZ HTL. PZ HTL brought the omission to the court's attention, and informed the court that PZ HTL had been spun off from Enterton and had assumed any related liabilities. The district court responded by substituting PZ HTL for Enterton in the order of dismissal, and then dismissed as to all defendants save Enterton. Enterton, however, had never appeared, having relied on PZ HTL. In August 2000, Eppendorf moved for default judgment against Enterton, which was granted. PZ HTL challenged the default, explaining that any laches defense applied equally to Enterton, as PZ HTL was the manufacturer of the product at issue. In response, the district court *sua sponte* vacated the default judgment and revised its previous order of dismissal to include Enterton.

\* \* \*

■ i) *The laches defense.* Laches "is an equitable defense that bars a plaintiff's ... claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ikelionwu v. United States,* 150 F.3d 233, 237 (2d Cir.1998) ("Laches is based on the maxim ... 'equity aids the vigilant, not those who sleep on their rights.' " (internal quotation marks, citation, and latin omitted)). We review a district court's decision to bar a claim on the basis of laches for abuse of discretion. *See Conopco, Inc. v. Campbell Soup Co.,* 95 F.3d 187, 193 (2d Cir.1996) (reviewing for abuse of discre-

tion, citing *Tri–Star* ); *Tri–Star Pictures, Inc. v. Leisure Time Prods., B.V.,* 17 F.3d 38, 44 (2d Cir.1994) ("The equitable nature of laches necessarily requires that the resolution be based on the circumstances peculiar to each case. The inquiry is a factual one. The determination of whether laches bars a plaintiff from equitable relief is entirely within the discretion of the trial court."). *Cf. Gardner v. Panama Railroad Co.,* 342 U.S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 (1951) ("the existence of laches is a question primarily addressed to the discretion of the trial court"). *But see Hermès Int'l v. Lederer De Paris Fifth Avenue, Inc.,* 219 F.3d 104, 107 (2d Cir. 2000) (reviewing motion for summary judgment on the ground of laches *de novo* ).

■ A party asserting an equitable defense such as laches must demonstrate that it comes before the court with clean hands. *See Frankel v. Central Moving & Storage Co.,* No. 95 CV. 6330(BN), 1997 WL 672003 (S.D.N.Y. Oct 29, 1997) ("To prove the equitable defense of laches, defendant must show ... good faith conduct on the part of the defendant."). The district court properly exercised its discretion in deciding that the defendants-appellees did not engage in bad faith.

■ The district court ruled that a presumption of laches arose from the length of Eppendorf's delay. *See Eppendorf,* 89 F.Supp.2d at 485–86. The court went on to rule that, even without the aid of a presumption, defendants-appellees "have satisfied the necessary standard to affirmatively plead laches." *Id.* at 486. Because we agree that defendants-appellees met the requirements for affirmatively pleading laches, we need not reach the question of whether a presumption arose. The defendants-appellees have shown that: (i) Eppendorf had knowledge of the defendants-appellees' alleged infringement of its

marks, (ii) Eppendorf inexcusably delayed in taking action with respect thereto, and (iii) the defendants-appellees will be prejudiced if Eppendorf is permitted to inequitably assert its rights at this time. *See Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1040 (2d Cir.1980) (quoting *Cuban Cigar Brands, N.V. v. Upmann Int'l, Inc.*, 457 F.Supp. 1090, 1096 (S.D.N.Y. 1978)).

Eppendorf claims that disputed material facts bar summary judgment. We disagree. While there are some areas of dispute (e.g., whether Eppendorf informed Enterton and PZ HTL of its intellectual property claims during the joint-venture negotiation), the district court largely construed conflicting evidence in favor of Eppendorf. And in any case, laches (being an equitable claim) is entrusted to the conscience of the district court; absent an abuse of discretion, it is not for this Court to say whether one fact or another should be dispositive. *See, e.g., Tri–Star Pictures*, 17 F.3d at 44.

ii) *Vacatur of the default against Enterton.* Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default "for good cause." We review a district court's decision to set aside an entry of default for abuse of discretion. *See Enron Oil v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993).

Enterton spun off PZ HTL four months before this suit was filed. When Enterton received notice of the suit, it forwarded the notice to PZ HTL, which had assumed such liabilities. Throughout this case, PZ HTL has maintained that it is defending against the suit in its own name and on Enterton's behalf. Since this case turns on PZ HTL's manufacture and sale of allegedly infringing products, rather than on any action by Enterton, the equitable principles that support the laches defense on behalf of PZ HTL support the same result for Enterton.

Moreover, Enterton was named on the original order of dismissal, while PZ HTL, erroneously, was not. In correcting that error, the court (again, erroneously) replaced Enterton with PZ HTL, when it obviously intended to add PZ HTL. The vacatur of the default simply rectifies that typographical error, and certainly is no abuse of the district court's discretion.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.