11-0897-cv
Brown v. Quiniou

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of March, two thousand twelve.**

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> PETER W. HALL,
>     *Circuit Judges*.

_____

Agatha Brown,

>*Plaintiff - Counter-Defendant - Appellant*,

>v.                                                                      11-0897-cv

Michel Quiniou, Agatha Diffusion, S.R.L.,

>*Defendants - Appellees*,

Sixteen, Inc.,

>*Defendant - Counter-Claimant - Appellee*,

Fross Zelnick Lehrman & Zissu, P.C.,

>*Defendant*.

_____

FOR APPELLANT:          Agatha Brown, *pro se*, Farmers Branch, TX.

FOR APPELLEES:         David B. Sunshine and Amy F. Divino, Cozen O'Connor,
New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and Appellees' motion to strike is **DENIED**.

Appellant Agatha Brown, *pro se*, appeals from the district court's denial of leave to amend, and grant of summary judgment in favor of Sixteen, Inc. ("Sixteen"). The district court ruled that Brown's trademark infringement action was barred by the defense of laches. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Although we have not yet settled on the appropriate standard to review a grant of summary judgment based on the defense of laches, *compare Hermès Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000) (applying *de novo* review), *with Eppendorf–Netheler–Hinz GMBH v. Nat'l Sci. Supply Co.*, 14 F. App'x 102, 105 (2d Cir. 2001) (summary order) (applying abuse of discretion review (citing *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 193 (2d Cir. 1996))), the Supreme Court has instructed that "[w]hether laches bars an action in a given case . . . 'is a question primarily addressed to the discretion of the trial court.'" *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 435 (1965) (quoting *Gardner v. Panama R.R. Co.*, 342 U.S. 29, 30 (1951)). It is unnecessary to decide whether prior case law in this Circuit applying the *de novo* standard of review to a district court's laches ruling is good law, as

the precise standard is immaterial in this case.  Under either a *de novo* review or a review for abuse of discretion, Brown's action against Sixteen was barred by the defense of laches for the reasons articulated by the district court in its well-reasoned decision.[1]  *See Brown v. Sixteen, Inc.*, 02-cv-4630, 2009 WL 1159161 (S.D.N.Y. Apr. 28, 2009).

Additionally, "[w]e review the denial of leave to amend for abuse of discretion."  *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (citation and internal quotation marks omitted). In seeking to re-add two defendants to this action, as well as to expand upon the allegations in her original complaint and add new claims, Brown waited three years from the dismissal of her claims against those defendants (based on insufficient service of process) and four years from the time she filed her complaint.  The district court thus acted well within its discretion in ruling that amendment at such a late stage of the litigation would have been improper where she gave no reasonable explanation for the delay.  *See Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) ("Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party.").

We have given careful consideration to each of Brown's arguments on appeal, and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and Appellees' motion to strike is **DENIED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[1] We decline to consider the arguments and evidence that Brown presents for the first time on appeal, as well as the factual assertions she makes without any reference to the record. *See* Fed. R. App. P. 10(a), 28(a)(9)(A); *Katir v. Columbia Univ.*, 15 F.3d 23, 25 (2d Cir. 1994) (per curiam); *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1077 (2d Cir. 1993).