CLIFFORD O. BENNETT & LINDA C. BENNETT, APPELLANTS, *v.* WILBERT P. TOPPING, RESPONDENT.

No. 16441

April 9, 1986                                                717 P.2d 44

*Samuel B. Francovich,* Reno, for Appellants.

*Barker, Gillock & Perry* and *Thierry V. Barkley,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This case involves a dismissal of a complaint of the named appellants under NRCP 25(a)(1),[1] which provides generally that if the death of a party comes about during the pendency of a lawsuit, a motion to substitute for the deceased litigant must be timely made or the action will be dismissed as to the deceased party.

The deceased party in this case is Clifford O. Bennett. He is survived by his wife Linda C. Bennett. Clifford and Linda filed a complaint in negligence claiming damages for the personal injury of Clifford and claiming, in a separate claim for relief, damages by Linda for loss of the society and companionship of her husband Clifford.

When Clifford died the defendant, respondent Topping filed, on September 20, 1983, a suggestion of death on the record. No motion for substitution was made within the ninety days provided for in the rule. The district court dismissed the complaint as to both Clifford and Linda.

The district judge acted properly in dismissing the complaint as to Clifford but not as to Linda.

The rule is quite clear that unless the motion for substitution is made within ninety days after the death is suggested upon the record, the action "shall be dismissed as to the deceased party." The district judge was required to dismiss the deceased party, Clifford Bennett.[2]

The rule provides only that the action is be dismissed as to the

---

[1]NRCP 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

[2]Appellant attempts to rely on our case of Barto v. Weisharr, 101 Nev. 27, 692 P.2d 498 (Adv. Opn. No. 7, January 3, 1985); however, this case is of no help in this appeal. In *Barto,* dismissal was reversed because the suggestion of death was filed by counsel for the deceased party without identifying a successor or representative. We held in *Barto* that this event did not trigger the ninety-day period because "any other construction would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within ninety days." This situation obviously does not present itself in the case before us.

deceased. As to the surviving spouse, her separate action for loss of companionship does not abate either by her husband's death or by dismissal of her deceased husband as a party to the lawsuit.

In General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972), this court recognized that in cases such as this the husband is entitled to recover for his own injuries, and the wife is entitled to recover for her own, separate injury "done to herself by the loss of his companionship." *Bush,* 88 Nev. at 367, 498 P.2d at 371.

In the *Bush* opinion we noted that in recognizing such an independent claim by the wife, any supposed hazard of double recovery by such plaintiffs was remedied by eliminating the possibility of both the husband's and wife's recovering for her right of support and as "an additional safeguard against the danger of double recovery we require that she will have her cause of action only if joined for trial with the husband's own action against the defendant." *Id.*

Here, the wife's action was joined with the husband's, although not "for trial" because her husband died. Now, because of Clifford's death, Linda has an independent action for negligence to recover damages for loss of support, "love, companionship, affection, society, sexual relations, solace and more" from the period beginning with the date of the accident to the date of her husband's death. *Bush,* 88 Nev. at 367, 498 P.2d at 370.

The action was filed by the parties jointly. There is no risk of double recovery or other policy reason which should preclude Linda's claims for her own damages merely because her husband died during the pendency of their actions.

The dismissal as to Linda Bennett is reversed and the matter remanded for trial on her claim.