ISAAC WHARTON, Deceased, by and Through His Personal Representative, MARY WHARTON, Appellant, *v.* THE CITY OF MESQUITE, BRUNO BIASI, and B & B DRILLING, Respondent.

THE CITY OF MESQUITE and BRUNO BIASI, Cross-Appellants, *v.* ISAAC WHARTON, Deceased, by and Through His Personal Representative, MARY WHARTON, Cross-Respondent.

No. 27538

July 15, 1997                                    942 P.2d 155

*Helena S. Wise,* Burbank, California, for Appellant/Cross-Respondent.

*Elwin Leavitt,* Las Vegas, for Respondent/Cross-Appellant B & B Drilling.

*Thorndal, Backus, Armstrong & Balkenbush* and *William R. Killip,* Las Vegas, for Respondents/Cross-Appellants City of Mesquite and Bruno Biasi.

---

[2]The Honorable A. William Maupin, Justice, did not participate in the decision of this matter.

## OPINION

*Per Curiam:*

The City of Mesquite ("City") hired B & B Drilling ("B & B") to drill a well and pump water. B & B sent an employee, Isaac Wharton, to install a derrick and drilling rig at the site. When Wharton left the site, the installed drilling rig and derrick were pumping water.

Thereafter, the City hired Bruno Biasi to remove B & B's equipment and set a different pump in the well. Biasi unsuccessfully attempted to remove the equipment, and, when Wharton returned to the well site, the derrick was about to collapse. Working with Biasi to stabilize the derrick, Wharton climbed onto the drill platform. Without warning, the drive shaft began to turn and caught Wharton's pant leg. Wharton was dragged into the motors and was seriously injured.

Wharton brought a negligence action against Biasi, B & B and the City. Prior to trial, Wharton died of causes unrelated to the accident. On June 2, 1993, B & B filed a notice of suggestion of Isaac Wharton's death. Wharton's counsel did not file a motion for substitution of parties within the ninety-day time period allowed by NRCP 25.[1] All defendants moved the court to dismiss the complaint in mid-September, after the ninety days had run on August 31, 1993. On October 5, 1993, one-hundred and twenty-five days after filing of the notice of suggestion of death, Wharton's counsel moved to substitute Wharton's surviving spouse as his personal representative. The district court denied the motions to dismiss, granted the motion to substitute Wharton's surviving spouse as his personal representative, and awarded the defendants attorney's fees and costs for preparing their motions to dismiss.

A jury found in favor of Wharton, determining that (1) Bruno Biasi was acting within the scope of his employment at the time of Wharton's injury, (2) the City maintained a safe workplace, (3) B & B Drilling failed to carry workers' compensation insurance on the date of Wharton's injury, and (4) the City was responsible for one hundred percent of the negligence for Wharton's injury. The jury awarded Wharton $1.3 million in damages.

---

[1]Nevada Rule of Civil Procedure 25(a)(1), which governs substitution of the parties if a party to a lawsuit dies, provides: "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party."

Following the jury's verdict, the district court denied Wharton's motion for attorney's fees, awarded Wharton $1,800.00 in costs, and entered a final judgment. The district court also determined that a $50,000.00 "cap" on the City's liability limited Wharton's recovery of the judgment. This appeal followed.

On appeal, Wharton argues that the district court erred by directing certain verdicts, challenges the district court's determination regarding statutory limits on the City's liability, and claims that the district court abused its discretion by failing to award attorney's fees. Because we conclude that the district court erred in failing to dismiss Wharton's action, we need not address Wharton's arguments on appeal.

The City and Biasi cross-appeal, arguing that Wharton's successors-in-interest failed to comply with NRCP 25 and that the district court therefore erred in failing to dismiss the case prior to trial. Although a trial on the merits is favored over a mechanical application of a ninety-day rule, Barto v. Weishaar, 101 Nev. 27, 692 P.2d 498 (1985), this court has strictly interpreted the language of NRCP 25(a)(1). In Bennett v. Topping, 102 Nev. 151, 717 P.2d 44 (1986), after the plaintiff died, the defendant served a notice of suggestion of death. When plaintiff's counsel failed to designate a personal representative within ninety days, the court dismissed the deceased plaintiff's claim, stating:

> The rule is quite clear that unless the motion for substitution is made within ninety days after the death is suggested upon the record, the action "shall be dismissed as to the deceased party." The district judge was required to dismiss the deceased party.

*Id.* at 152, 171 P.2d at 45 (citing NRCP 25).

In the instant case, Wharton's counsel failed to comply with NRCP 25(a)(1) by not moving the court to substitute Wharton's surviving spouse as his personal representative within the 90-day period. Therefore, we conclude that the district court erred in granting Wharton's counsel's untimely motion for substitution of parties and by denying the defendants' motions to dismiss the action. Accordingly, we reverse the district court's judgment and remand this matter with instructions to enter judgment in favor of respondents.[2]

---

[2]THE HONORABLE A. WILLIAM MAUPIN, Justice, voluntarily recused himself from participation in the decision of this appeal.