**William GEORGE,**

v.

**UNITED STATES of America.**

**No. 3:99 CV–1151 (JGM).**

United States District Court,
D. Connecticut.

Jan. 9, 2001.

---

Steven E. Arnold, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, for plaintiffs

Lauren M. Nash, U.S. Attorney's Office, New Haven, CT, Cynthia L. Tyler, Newington, CT, for defendant.

*RULING ON DEFENDANT'S MOTION TO DISMISS AND ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION FOR SUBSTITUTION OF PARTY*

MARGOLIS, United States Magistrate Judge.

On June 18, 1999 plaintiff William George filed this medical malpractice action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.* The Complaint alleges that as a result of the defendant's negligent care and treatment plaintiff suffered injuries requiring the amputation of the toes of his left foot, left popliteal-dorsals pedis artery bypass surgery, including vein harvest and transplant surgeries, and transmetatarsal amputation of his left foot. (Complaint at ¶¶ 7–9). On August 23, 1999, defendant filed its Answer and Defenses. (Dkt.# 5). Plaintiff died on July 27, 2000 and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant filed a Suggestion of Death on August 8, 2000. (Dkt.# 18).

The case was transferred, by consent, to this Magistrate Judge on September 13, 2000. (Dkt.# 20). On November 20, 2000 defendant filed a Motion to Dismiss and brief in support.[1] (Dkts.## 24 & 25). Plaintiff's brief in opposition was filed on December 11, 2000, along with the related Motion for Extension of Time and Motion to Substitute Party. (Dkts.## 26, 27 & 29).[2] Ten days later, defendant filed its reply brief in further support of its motion and brief in Opposition to plaintiff's motions. (Dkt.# 30).

Pending before the Court are defendant's Motion to Dismiss and plaintiff's Motions for Extension of Time and Substitution of Party.

For the reasons stated below, defendant's Motion to Dismiss (Dkt.# 24) is *denied,* plaintiff's Motion for Extension of Time (Dkt.# 29) is *granted,* and plaintiff's Motion to Substitute Party (Dkt.# 27) is *granted.*

## I. DISCUSSION

Rule 25(a)(1) reads in relevant part as follows:

> If a party dies and the claim is not thereby extinguished, the court order substitution of the proper parties. The motion for substitution may be made by any party ... and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons.... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

FED. R. CIV. P. 25(a)(1). The running of the 90 days commences with the proper suggestion of death. *See Pastorello v. City of New York,* 2000 WL 1538518, at *2 (S.D.N.Y. Oct.18, 2000). Rule 25(a)(1) "requires that the statement of death be served on the involved parties." *Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 470 (2d Cir.1998). The Ninth Circuit has held that two affirmative steps are necessary in order to trigger the running of the 90 day period. First, death must be formally suggested upon the record. *See Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir.1994) (citation omitted). Next, "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* (citation omitted). The *Barlow* court ruled that "non-party successors or representatives

**1.** Attached to defendant's brief was a copy of *Pastorello v. City of New York,* 2000 WL 1538518 (S.D.N.Y. Oct.18, 2000).

**2.** Attached to Plaintiff's Motion for Substitution of Party (Dkt.# 27) was a copy of the Decree

Granting Administration or Probate of Will, dated Nov. 28, 2000. Attached to Plaintiff's Motion for Extension of Time (Dkt.# 29) was a copy of the Application for Administration or Probate of Will, dated Aug. 4, 2000.

of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Id.* Although the *Barlow* court did not reach the question of whether the suggestion of death is effective when the nonparty successors of the estate are not clearly ascertainable, other courts have refused to require that the moving party identify the representative of the deceased party where the moving party is not counsel for the deceased. *See Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973). *See also Stephens v. American Risk Mgmt.,* 1995 WL 479438, at *2–3 (S.D.N.Y. Aug.14, 1995) (citations omitted). These courts have held that the suggestion of death was not defective simply because a representative or successor for the deceased party was not named. *See Yonofsky,* 362 F.Supp. at 1012; *Stephens,* 1995 WL 479438, at *3.

█ Defendant argues in its Motion to Dismiss that the Complaint should be dismissed based on plaintiff's failure to file a motion to substitute a successor to the plaintiff-decedent within the 90 days required by Rule 25(a)(1) of the Federal Rules of Civil Procedure after the defendant filed the Suggestion of Death. (Dkt.# 25). Plaintiff opposes the Motion to Dismiss, arguing that the August 8, 2000 Suggestion of Death did not trigger the running of the 90 day period because the Suggestion of Death was not properly served in accordance with Rule 4 on plaintiff's surviving spouse, Shirley George, a non-party to this action. (Dkt.# 26). Plaintiff asserts that defendant "clearly had notice" of the pending appointment of Shirley George as executor of the deceased plaintiff's estate. (Dkt. # 26 at 2). According to the plaintiff, this makes Shirley an "involved party," subject to service in the manner provided in Rule 4. (Dkt. # 26 at 1–4). Defendant counters by stating that "shortly thereafter [after the suggestion of death was filed on August 8, 2000], plaintiff's counsel indicated that the estate of the plaintiff would seek to be substituted as plaintiff once decedent's wife, Shirley George, was appointed the executor of his estate." (Dkt. # 25 at 2; Dkt. # 30 at 3 & 6).

Based on the record before this Court, there is no indication that defendant had notice of the pending appointment of Shirley George on August 8, 2000, the date defendant filed the Suggestion of Death. Therefore, the Suggestion of Death was not defective and the 90 day time period began with the filing of the Suggestion of Death.

█ Having found that the Suggestion of Death was not defective, this Court must now determine whether plaintiff's Rule 6 motion to extend the time for substitution should be granted. Rule 6(b)(2) provides:

When by these rules or by a notice given thereunder or by act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

FED. R. CIV. P. 6(b)(2). Rules 6(b)(2) and 25(a)(1) work together to provide flexibility in enlarging the time for substitution. *See Zeidman v. General Accident Ins. Co.,* 122 F.R.D. 160, 161 (S.D.N.Y.1988) (citations omitted). "[T]he 'history of the 1963 amendment to Rule 25 makes clear that the 90 day period was not intended to act as a bar to otherwise meritorious actions.' " *Yonofsky,* 362 F.Supp. at 1015 (quoting *Staggers v. Otto Gerdau Co.,* 359 F.2d 292, 296 (2d Cir.1966)). Rule 25(a)(1)'s underlying purpose "is to allow flexibility in substitution." *Zeidman,* 122 F.R.D. at 161. To accomplish this flexibility, Rule 25(a)(1) should be "liberally interpreted." *Id.* (quoting *Rende v. Kay,* 415 F.2d 983, 986 (D.C.Cir.1969)).

Plaintiff died on July 27, 2000 and defendant filed a Suggestion of Death on August 8, 2000. (Dkt.# 18). On August 4, 2000 plaintiff's surviving spouse, Shirley A. George, executed her Application for Probate of Will, and her appointment as executor was granted on November 28, 2000. (Dkt. # 29 at 1).

Counsel blames the delay in appointment on "the misplacement or loss of financial and other information and documents necessary to complete the Probate Court Memorandum." (*Id.* at 1–2). The appointment was granted on November 28, 2000 and received on December 7, 2000. (*Id.* at 1). Four days later, on December 11, 2000, the Motion for Extension of Time was filed with the Court. (Dkt.# 29). Defendant argues that plaintiff failed to file a motion for enlargement of time although he had the opportunity to do so. (Dkt. # 30 at 6). While acknowledging plaintiff's explanation for the delay in Mrs. George's appointment, defendant faults plaintiff for not offering any explanation of "excusable neglect." (*Id.*).

 If the Rule 6(b)(2) motion is not granted in the instant case, "this action must be dismissed for failure to comply with the ninety-day limitation of Rule 25(a)(1)." *Yonofsky,* 362 F.Supp. at 1012. Relief can be granted from the 90 day restriction by a motion for enlargement, even if that motion is made after the expiration of the allotted time, if the delay is the result of excusable neglect and the opposing party fails to demonstrate that the relief would result in undue prejudice. *See Al–Jundi v. Rockefeller,* 757 F.Supp. 206, 209 (W.D.N.Y.1990). The movant bears the burden of establishing "that the failure to act timely was 'the result of excusable neglect'" and "the party moving ... must demonstrate good faith and must show 'some reasonable basis for noncompliance within the time specified in the rules.'" *Yonofsky,* 362 F.Supp. at 1012 (quoting 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 1165, at 622 (1969)).

Courts have examined various excuses to determine which of those constitute "excusable neglect." The *Yonofsky* court accepted as "excusable neglect" the fact that there were significant difficulties in having the executor appointed. *Id.* at 1014. *See also Zeidman,* 122 F.R.D. at 162 (describing "excusable neglect" as an "elastic concept" and including a list of cases where "excusable neglect" was found by the respective courts). In the instant case, as in *Yonofsky,* there were also difficulties in appointing the executor. Plaintiff blames the delay in Mrs. George's appointment as executor on the misplacement or loss of financial and other information and documents necessary to complete the Probate Court Memo. The Court finds a showing of good faith on plaintiff's part in attempting to comply with the 90 day period; plaintiff died on July 27, 2000 and plaintiff's surviving spouse executed her application for Probate of Will on August 4, 2000, four days prior to the filing of the Suggestion of Death. Shortly thereafter, plaintiff's counsel notified defendant that plaintiff's estate would seek to be substituted as plaintiff once Mrs. George was appointed executor of decedent's estate. The delay was not due to inaction on the part of plaintiff's counsel, but instead, on the loss or misplacement of documents necessary to complete the appointment of Mrs. George as executor. Within four days of receiving Mrs. George's appointment, plaintiff's counsel submitted the Motion for Extension of Time and Motion for Substitution.

Although a Rule 6(b) motion was not filed within the 90 day period defendant has not indicated what undue prejudice it would suffer if plaintiff's motion is granted. In addition, the court finds that plaintiff demonstrated good faith and due diligence in not delaying Mrs. George's application to probate the will.

## II. CONCLUSION

For the reasons stated herein, plaintiff's Motion for Extension of Time is *granted;* plaintiff's Motion to substitute Shirley A. George, Executor of the Estate of William T. George, as the representative of the deceased party plaintiff, William J. George is *granted;* and defendant's Motion to dismiss is *denied.*