OPINION
 

 Per Curiam:
 

 In this original petition we consider two primary issues with regard to petitioner’s NRCP 25 motion to dismiss a deceased plaintiff’s loss of consortium claim. First, we address whether a defendant party who files a suggestion of death on the record is required to name a successor or personal representative for the deceased plaintiff to trigger NRCP 25’s 90-day limitation period. We clarify
 
 *657
 
 that a suggestion of a plaintiff’s death filed by a defendant is generally sufficient to trigger the 90-day limitation period within which the remaining plaintiffs or the deceased party’s successor or personal representative are required to move for substitution. Here, petitioner, a defendant in the underlying proceeding, filed the suggestion of death for a plaintiff who died during the proceeding’s pendency. Because petitioner is the defendant and it is a plaintiff who died, petitioner was not required to locate or wait for the designation of a successor for the deceased plaintiff to successfully trigger the 90-day limitation period. Accordingly, petitioner’s suggestion of death triggered NRCP 25’s 90-day limitation period.
 

 Second, we address whether, after NRCP 25’s 90-day limitation period expires, a motion for an extension of time to substitute a party under NRCP 6(b)(2) may be used to obtain relief when excusable neglect is established. We conclude that after the expiration of NRCP 25’s 90-day limitation period, a party may move the district court for relief under NRCP 6(b)(2) and obtain an extension of time to substitute a proper party so long as excusable neglect is shown. In this case, it is unclear what factual findings the district court made concerning the plaintiffs’ establishment of excusable neglect, which would make denying the motion to dismiss proper.
 

 Thus, we grant the petition in part and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order denying petitioner’s motion to dismiss and to reconsider this issue in light of the principles set forth in this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 The underlying wrongful death action was filed by real parties in interest Richard Sinicki (decedent Joyce Sinicki’s husband and personal representative), and their children, Wayne, Susan, and Charles Sinicki (the Sinickis), against Joyce’s doctors, petitioner Kimberly A. Moseley and Gregg M. Ripplinger.
 
 [1]
 
 Richard also asserted an individual loss of consortium claim. While the suit was pending, Richard died on July 11, 2005.
 

 On July 18, 2005, Dr. Moseley filed a suggestion of Richard’s death. Dr. Moseley’s suggestion of death did not include the name of a successor or personal representative for Richard. Subsequently, the Sinickis’ attorney filed two suggestions of death, but as with Dr. Moseley’s suggestion of death, neither named a successor or representative for Richard. Dr. Moseley moved to dismiss Richard’s loss of consortium claim because no motion to substitute was filed, as NRCP 25 generally requires, within 90 days of
 
 *658
 
 the filing and service of Dr. Moseley’s suggestion of death. The Sinickis opposed Dr. Moseley’s motion to dismiss and moved the district court, under NRCP 6, for an enlargement of time to substitute Wayne as the special administrator of Richard’s estate.
 

 Following a hearing on the motions, the district court denied Dr. Moseley’s motion to dismiss and granted the Sinickis’ motion to enlarge time and to substitute Wayne as the special administrator. Thereafter, the Sinickis filed an amended complaint reflecting the substitution of Wayne as the special administrator of Richard’s estate.
 
 [2]
 
 Subsequently, Dr. Moseley filed this writ petition challenging the district court’s order denying her motion to dismiss Richard’s loss of consortium claim. The Sinickis have filed an answer, as directed.
 

 DISCUSSION
 

 Standards for writ relief
 

 A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion.
 
 [3]
 
 Mandamus is an extraordinary remedy, and the decision to entertain such a petition is addressed to our sole discretion.
 
 [4]
 
 Generally, we will not exercise our discretion to consider writ petitions challenging district court orders denying motions to dismiss, unless ‘ ‘pursuant to clear authority under a statute or rule, the district court is obligated to dismiss an action . . . [or] an important issue of law requires clarification.”
 
 [5]
 

 In this writ petition, important issues of law require clarification: (1) whether the filing of a suggestion of death by an opposing party, without naming a potential successor or personal represen
 
 *659
 
 tative for the adverse deceased party, triggers NRCP 25’s 90-day limitation period for substituting a proper party; and (2) given NRCP 25’s mandatory language generally requiring that an action be dismissed if a motion to substitute a proper party for a deceased party is not filed within 90 days of the suggestion of death on the record, may a party obtain an extension of time, under NRCP 6 and upon a showing of excusable neglect, to file a motion for substitution of a proper party.
 
 [6]
 

 NRCP 25(a)(l)’s 90-day period is triggered
 

 Dr. Moseley contends that the district court had a duty to dismiss Richard’s loss of consortium claim once the Sinickis failed to move for substitution within NRCP 25’s 90-day limitation period. Under NRCP 25(a)(1), when a party dies during a pending proceeding, a substitution generally may be allowed when
 

 the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, [otherwise] the action shall be dismissed as to the deceased party.
 

 In other words, generally, once a suggestion of death has been filed in the district court, a motion for substitution must be made within 90 days of the date the death was suggested on the record.
 

 The Sinickis assert that NRCP 25’s 90-day limitation period was not triggered because Richard’s successor was not named in any of
 
 *660
 
 the suggestions of death filed in the district court.
 
 [7]
 
 To support their contention, the Sinickis rely on this court’s 1985 decision in
 
 Barto
 
 v. Weishaar.
 
 [8]
 
 In
 
 Barto,
 
 the defendant died while the district court action was proceeding. The deceased defendant’s counsel filed a suggestion of death upon the record but did not identify a successor or personal representative who could be substituted for the deceased defendant.
 
 [9]
 
 After the 90-day period to file a motion for substitution had passed, the deceased defendant’s counsel filed a motion to dismiss the plaintiff’s complaint on the basis that a motion to substitute a proper party for the deceased defendant had not occurred within NRCP 25’s 90-day limitation period.
 
 [10]
 
 The district court denied the motion to dismiss and allowed the plaintiff additional time to locate a successor or personal representative for the deceased defendant. After plaintiff failed to locate a proper party for substitution, the district court dismissed the plaintiff’s complaint.
 
 [11]
 

 On appeal, the plaintiff argued that the deceased defendant’s suggestion of death was insufficient to trigger NRCP 25’s 90-day period because it did not identify a successor for the deceased defendant. This court agreed and concluded that the 90-day period in which to seek substitution was not triggered because allowing the 90-day period to run when a suggestion of death emanating from the deceased party fails to identify a successor or personal representative would create a “tactical maneuver” that would burden the plaintiff with the duty of locating a representative for the deceased defendant’s estate or have an otherwise meritorious action dismissed.
 
 [12]
 

 The year following Barto's issuance, this court distinguished it in
 
 Bennett v. Topping.
 

 [13]
 

 In
 
 Bennett,
 
 a plaintiff died, rather than a defendant, while the case was pending. The defendant filed a suggestion of death that did not name the deceased plaintiff’s successor and a motion to substitute a successor was not filed on behalf of the deceased plaintiff within NRCP 25’s 90-day limitation pe
 
 *661
 
 riod. The district court dismissed the action.
 
 [14]
 
 In affirming the dismissal of the deceased plaintiff’s cause of action, the
 
 Bennett
 
 court distinguished
 
 Barto
 
 on the basis that requiring a defendant to speculatively identify a successor or personal representative for a deceased plaintiff incorrectly shifts the burden of locating a successor or personal representative to the defending party.
 
 [15]
 

 Thus, under
 
 Barto,
 
 requiring the plaintiff to name the deceased defendant’s successor improperly placed the burden on the plaintiff to discover the deceased defendant’s successor’s identity. Whereas, under
 
 Bennett,
 
 the surviving plaintiff was properly charged with locating the deceased plaintiff’s successor because it is more likely that the deceased plaintiff’s wife was, or knew who would be, the successor or personal representative to represent the deceased’s estate in the pending litigation.
 

 Here, reliance on the decision in
 
 Bennett
 
 is proper because the facts in this writ petition are similar to the facts in
 
 Bennett
 
 and distinguishable from what occurred in
 
 Barto.
 
 Specifically, Richard Sinicki, a plaintiff, died during the underlying proceeding’s pendency. Dr. Moseley, a defendant, suggested Richard’s death upon the record and served the suggestion of death on the surviving plaintiffs in the district court action. Accordingly, applying the
 
 Bennett
 
 reasoning to the facts in this case demonstrates that NRCP 25’s 90-day limitation period was triggered by Dr. Moseley’s service and filing of the suggestion of Richard’s death. Thus,
 
 Bennett,
 
 not
 
 Barto,
 
 controls,
 
 [16]
 
 and Dr. Moseley’s suggestion of death, along with service on the surviving plaintiffs, properly triggered the 90-day period because Dr. Moseley was not required to identify a successor for deceased plaintiff Richard Sinicki.
 

 NRCP 6(b)(2)’s enlargement of time provision is applicable to NRCP 25 when excusable neglect exists
 

 Dr. Moseley contends that NRCP 25’s mandatory language required the district court to dismiss Richard’s loss of consortium claim because no substitution or enlargement of time to substitute was made within the rule’s 90-day limitation period. The Sinickis argue that under NRCP 6(b)(2), the district court may enlarge the time to move for substitution, after the 90-day limitation period has expired, upon a showing that excusable neglect, inadvertence, or mistake existed. Thus, the Sinickis maintain that the district court properly granted their NRCP 6(b)(2) motion for an extension of
 
 *662
 
 time to substitute a party after NRCP 25’s 90-day limitation period expired.
 

 This court has strictly interpreted NRCP 25(a)(1)’s language even though “a trial on the merits is favored over a mechanical application of a ninety-day rule.”
 
 [17]
 
 Nonetheless, NRCP 6(b)(2) provides that the district court may exercise its discretion to grant an enlargement of time to take an action that is otherwise required to be done within a specified time when excusable neglect is shown.
 
 [18]
 
 In other words, despite NRCP 25(a)(1)’s 90-day limitation period, under NRCP 6(b)(2), when a party establishes excusable neglect, the party may be granted an enlargement of time after the 90-day limitation period has expired. NRCP 6(b)(2) applies to most acts required by the rules of civil procedure unless they are specifically excluded.
 
 [19]
 

 Because NRCP 25 is not specifically excluded under NRCP 6(b)(2), there appears to be a conflict between NRCP 25’s mandatory language requiring dismissal if a motion for substitution is not filed within 90 days after the suggestion of a party’s death is made on the record and NRCP 6’s language that allows for an extension of time to perform acts required by the rules of civil procedure so long as the rule is not specifically excluded from NRCP 6’s scope. The interplay and interpretation of NRCP 25 and NRCP 6 are issues of law that we review de novo.
 
 [20]
 
 To resolve the apparent inconsistency in our rules and because Federal Rules of Civil Procedure 25 and 6 are similar to our procedural rules,
 
 [21]
 
 we consider
 
 *663
 
 the federal courts’ interpretations of the corresponding federal rules.
 
 [22]
 

 Originally, federal Rule 25(a) provided plaintiffs with two years in which to substitute a representative for the deceased party.
 
 [23]
 
 Under that version of Rule 25(a), the United States Supreme Court interpreted the rule’s language as mandating dismissal if the substitution was not effectuated within two years.
 
 [24]
 
 The Supreme Court also held that under the original version of federal Rule 6(b), a party could not use that rule to override the express provisions of Rule 25.
 
 [25]
 
 The Supreme Court reasoned that strict compliance with Rule 25(a) was required because to allow substitution of a deceased party’s estate after the two-year limitation period in the rule would be unfair and “disruptive of orderly and expeditious administration of estates” because “the settlement and distribution of the estate might be so far advanced.”
 
 [26]
 
 The Supreme Court also noted that the word “shall” in Rule 25(a)(1) indicated that dismissal was mandatory, rather than permissive.
 
 [27]
 

 In 1963, Congress amended federal Rule 25 and changed the two-year period to a 90-day limitation to avoid the harsh results and inflexibility of the rule.
 
 [28]
 
 Congress also deleted the phrase “shall be dismissed” and substituted the phrase “must be dismissed.”
 
 [29]
 
 That same year, Congress amended Rule 6(b) so that a court may have discretion to enlarge the 90-day period under Rule 25.
 
 [30]
 
 Specifically, the 1963 Rule 6(b) amendment deleted “[t]he prohibition against extending the time for taking action under Rule 25 ,”
 
 [31]
 
 Thus, relief under Rule 6(b) could be obtained if excusable
 
 *664
 
 neglect was shown and the opponent failed to show that undue prejudice would result if the relief was granted.
 
 [32]
 

 Federal courts interpreting the 1963 amendment to federal Rule 25 have concluded that the ‘““90 day period was not intended to act as a bar to otherwise meritorious actions.” ’ ”
 
 [33]
 
 In particular, in
 
 Rende v. Kay,
 

 [34]
 
 the federal district court stated that Rule 25 should be interpreted liberally because the underlying purpose of the amended rule is to allow flexibility in substitution.
 
 [35]
 
 Similarly, in
 
 George v. United States,
 

 [36]
 

 the federal district court in Connecticut stated that “Rules 6(b)(2) and 25(a)(1) work together to provide flexibility in enlarging the time for substitution.”
 
 [37]
 
 Likewise, in
 
 Zeidman
 
 v.
 
 General Accident Insurance Co.,
 

 [38]
 

 a federal district court in New York recognized that the 1963 amendments to Rules 25 and 6, along with the rules’ history, demonstrates that the 90-day limitation period was intended to allow for flexibility in substitution.
 

 This court has consistently declined to liberally interpret NRCP 25(a)(1).
 
 [39]
 
 Yet, as noted, NRCP 25 is not an enumerated rule that is specifically excluded from NRCP 6(b)’s provision for an extension of time. And this court has also recognized that “whenever possible, a court will interpret a rule or statute in harmony with other rules or statutes.”
 
 [40]
 
 Further, this court has stated that use of “shall” is mandatory unless a rule’s construction demands a different interpretation to carry out the rule’s purpose.
 
 [41]
 
 As noted, federal cases have held that “Rules 6(b)(2) and 25(a)(1) work together to provide flexibility in enlarging the time for substitu
 
 *665
 
 tion.”
 
 [42]
 
 Because NRCP 6(b)(2) does not specifically state that the district court cannot extend the time for taking any action under NRCP 25, the two rules, when read together, provide that NRCP 6(b)(2) may be used to obtain an extension of time to move for substitution upon a proper showing of excusable neglect. Thus, we conclude that NRCP 6(b)(2) may permit an enlargement of the time to substitute a representative or successor after the 90-day limitation in NRCP 25 has expired when excusable neglect is established.
 

 Establishing excusable neglect under NRCP 6(b)(2)
 

 Having concluded that NRCP 6 may permit an enlargement of the time to substitute a proper party for a deceased party after the expiration of the 90-day limitation in NRCP 25, we next consider whether the district court manifestly abused its discretion when it denied Dr. Moseley’s motion to dismiss based on the Sinickis’ claim of excusable neglect.
 

 Although excusable neglect has been defined in other contexts,
 
 e.g.,
 
 NRCP 60(b),
 
 [43]
 
 we have not defined excusable neglect under NRCP 6. Again, we turn to federal caselaw dealing with excusable neglect to consider our guidelines for NRCP
 
 ó.
 

 [44]
 

 Under federal Rule 6(b), a party may obtain an extension of time to act under a particular rule when the time to act has expired and the party seeking an extension demonstrates good faith, a reasonable basis for not complying within the specified period, and an absence of prejudice to the nonmoving party.
 
 [45]
 
 The key factor in the federal decisions is whether the plaintiff asserted a reasonable basis for not complying. Thus, a delay in taking the necessary action, such as
 
 *666
 
 moving for substitution within the 90-day period, may be excused if it is shown that the delay was reasonable.
 

 For example, in
 
 George v. United
 
 States,
 
 [46]
 
 a federal district court in Connecticut found that an enlargement of time to move for substitution of the decedent’s representative in lieu of the decedent was warranted under federal Rule 6(b). In that case, the plaintiff, William George, died in July 2000, and his wife executed an application for probate of her husband’s will on August 4, 2000. Thereafter, the defendant filed a suggestion of death on August 8, 2000, and when no motion for substitution was filed within 90 days, the defendant moved to dismiss the deceased husband’s claims.
 
 [47]
 
 The motion to dismiss was opposed by the decedent’s counsel.
 
 [48]
 

 Upon a review of the record, the federal district court determined that the plaintiff attempted, in good faith, to comply with the 90-day rule. Specifically, the record showed that the decedent’s wife began the appointment process before the suggestion of death was filed and even notified defendant’s counsel that the decedent’s wife was seeking appointment as the personal representative.
 
 [49]
 
 The defense counsel was also informed that the decedent’s wife would be substituted into the action as the personal representative of the deceased plaintiff’s estate once the appointment was accomplished.
 
 [50]
 

 The federal district court also concluded that any delay in moving for substitution was not due to any inaction on the part of the deceased plaintiff’s counsel. The record revealed that although the decedent’s wife was not appointed as the executor of her husband’s estate until November 28, 2000, she moved for an extension of time to be substituted as the personal representative of her husband’s estate four days after receiving the documentation reflecting the appointment.
 
 [51]
 
 Counsel for the decedent explained that the delay in appointing the wife resulted from the misplacement of documents needed for the probate court.
 
 [52]
 

 The defendant argued that since the deceased plaintiff’s attorney knew there were problems with obtaining the appointment in a timely manner, the request for an extension of time to substitute should have been made during Rule 25’s 90-day period.
 
 [53]
 
 Nonethe
 
 *667
 
 less, the federal district court stated that the defendant had not shown that it would suffer any undue prejudice if the motion to substitute were granted even though the motion for an enlargement of time to substitute was not filed within the 90-day period under Rule 25.
 
 [54]
 
 Thus, the federal district court determined that because good faith and due diligence had been demonstrated, excusable neglect was established.
 
 [55]
 

 Similarly, in
 
 Al-Jundi v. Estate of
 
 Rockefeller,
 
 [56]
 
 the federal district court sitting in New York concluded that an extension of time under Rule 6(b) was appropriate because excusable neglect was established.
 
 [57]
 
 In
 
 Al-Jundi,
 
 defendant John Monahan died and his counsel suggested his death upon the record.
 
 [58]
 
 Although the federal district court held that the 90-day limitation under Rule 25 had not been properly triggered,
 
 [59]
 
 the court determined that if the limitation had been properly triggered then excusable neglect was established.
 
 [60]
 
 Specifically, any delay occasioned by the plaintiff in moving to substitute a party for the deceased’s estate was due to the deceased defendant’s family’s and attorney’s obstruction of the plaintiff’s efforts.
 
 [61]
 
 Indeed, the decedent’s daughter refused to be appointed, but she also objected to the plaintiff’s efforts to have an administrator ad litem appointed. Also, the decedent’s attorney attempted to stall any substitution by alleging that there was no estate and there was no one to be substituted in the decedent’s place.
 
 [62]
 
 Based on these facts, excusable neglect on the plaintiffs part was found, and the court determined that there was no undue prejudice to the decedent’s heirs in denying the motion to dismiss.
 
 [63]
 

 Based on the factors relied upon in
 
 George
 
 v.
 
 United
 
 States
 
 [64]
 
 and
 
 Al-Jundi v. Estate of Rockefeller,
 

 [65]
 

 we hold that a party seeking re
 
 *668
 
 lief from NRCP 25(a)(1) under NRCP 6(b)(2) is required to demonstrate that (1) it acted in good faith, (2) it exercised due diligence, (3) there is a reasonable basis for not complying within the specified time, and (4) the nonmoving party will not suffer prejudice.
 
 [66]
 
 In this case, it is not clear from the district court record what findings of fact the district court made when it denied Dr. Moseley’s motion to dismiss and granted the Sinickis’ motion for enlargement of time to substitute Wayne as the personal representative for Richard’s claims. Accordingly, we conclude that the district court should reconsider this matter and determine whether the Sinickis have established excusable neglect for their failure to move for substitution of Wayne for Richard’s individual claims within the 90-day limitation period under NRCP 25.
 

 CONCLUSION
 

 NRCP 25’s 90-day limitation to move for substitution of a deceased party’s successor is triggered when an opposing party files and serves a proper suggestion of death. We also hold that NRCP 6(b) can be used to extend the time within which to file a motion for substitution, under NRCP 25, when excusable neglect is established. Yet, because it is not clear from the district court record whether the district court made a finding as to excusable neglect on behalf of the Sinickis, we cannot resolve the writ petition in its entirety because we believe the district court should make a factual finding regarding whether excusable neglect was established. Accordingly, we grant the petition in part and direct the clerk of
 
 *669
 
 this court to issue a writ of mandamus directing the district court to vacate its order denying Dr. Moseley’s motion to dismiss and granting the Sinickis’ countermotion to substitute Wayne Sinicki as the special administrator of the Estate of Richard Sinicki and to reconsider this issue in light of the principles set forth in this opinion.
 

 [1]
 

 Although Dr. Ripplinger is a named defendant and joined Dr. Moseley’s motion to dismiss filed in the district court, Dr. Ripplinger did not join this writ petition.
 

 [2]
 

 The amended complaint also formerly substituted Charles as the special administrator for Joyce’s estate, in lieu of Richard, pursuant to the approved stipulation to substitute, which was entered in August 2005. Although Dr. Moseley requests that we strike the district court order granting leave to amend the complaint to substitute Charles in lieu of Richard for Joyce’s estate, this issue was not substantively addressed in the petition, and we thus need not address it.
 

 [3]
 

 See
 
 NRS 34.160;
 
 Round Hill Gen. Imp. Dist. v. Newman,
 
 97 Nev. 601, 637 P.2d 534 (1981).
 

 [4]
 

 See Poulos v. District Court, 98
 
 Nev. 453, 455, 652 P.2d 1177, 1178 (1982).
 

 [5]
 

 Smith
 
 v.
 
 District Court,
 
 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997) (recognizing that mandamus may issue to correct a district court’s erroneous failure to evaluate a motion to dismiss a cross-claim under the proper standard).
 

 [6]
 

 The Sinickis argue that the doctrine of laches precludes granting writ relief in this petition. The doctrine of laches is an “ ‘equitable doctrine which may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances which would make the grant of relief to the delaying party inequitable.’ ”
 
 Carson City
 
 v.
 
 Price,
 
 113 Nev. 409, 412, 934 P.2d 1042, 1043 (1997) (quoting
 
 Building & Constr. Trades v. Public Works,
 
 108 Nev. 605, 610-11, 836 P.2d 633 , 636-37 (1992)). We conclude that the Sinickis’ argument that laches precludes our consideration of this writ petition is unpersuasive. Dr. Moseley’s filing of a writ petition approximately four months after the district court denied her motion is not an unreasonable delay that would support a laches argument precluding writ relief.
 
 State of Nevada v. Dist. Ct. (Anzalone),
 
 118 Nev. 140, 148, 42 P.3d 233, 238 (2002) (providing that laches did not bar consideration of a writ petition filed less than four months after the district court entered its written order);
 
 Widdis v. Dist. Ct.,
 
 114 Nev. 1224, 1227-28, 968 P.2d 1165, 1167 (1998) (concluding that laches did not bar consideration of a writ petition filed seven months after the district court entered its written order).
 

 We note also that the Sinickis’ argument that Dr. Moseley acquiesced to a substitution of Charles for Richard’s loss of consortium claim when Dr. Moseley stipulated to substitute Charles in lieu of Richard for Joyce’s estate lacks merit.
 

 [7]
 

 Although the Sinickis are correct that the two suggestions of death filed by their counsel did not trigger NRCP 25’s 90-day limitation period because Richard’s successor was not named, Dr. Mosley’s suggestion of death filed in the district court was generally sufficient to trigger the limitation period under the rule.
 

 [8]
 

 101 Nev. 27, 692 P.2d 498 (1985).
 

 [9]
 

 Id.
 
 at 28, 692 P.2d at 498.
 

 [10]
 

 Id.
 

 [11]
 

 Id.
 

 [12]
 

 Id.
 
 at 29, 692 P.2d at 499.
 

 [13]
 

 102 Nev. 151, 717 P.2d 44 (1986).
 

 [14]
 

 Id.
 
 at 152,
 
 717
 
 P.2d at 44.
 

 [15]
 

 See id.
 
 at 152 n.2, 717 P.2d at 45 n.2.
 

 [16]
 

 We note that our distinction from
 
 Barto
 
 in this matter is not intended to retreat from or overturn the
 
 Barto
 
 decision.
 

 [17]
 

 Wharton v. City of Mesquite,
 
 113 Nev. 796, 798, 942 P.2d 155, 157 (1997) (citing
 
 Barto,
 
 101 Nev. 27, 692 P.2d 498).
 

 [18]
 

 NRCP 6(b)(2) provides in relevant part that “[w]hen by these rules ... an act is required ... to be done at or within a specified time,” the court may “upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.’ ’
 

 [19]
 

 NRCP 6(b)(2) does not allow the court to extend the time for taking any action under Rules 50(b), 50(c)(2), 52(b), 59(b), (d), and (e) and 60(b), except to the extent and under the conditions stated in the specific rule.
 

 [20]
 

 See McDonald
 
 v.
 
 D.P. Alexander,
 
 121 Nev. 812, 815-16, 123 P.3d 748, 750 (2005) (providing that the interpretation of NRS 40.430 is subject to de novo review);
 
 see State ex rel. PSC v. District Court,
 
 94 Nev. 42, 44, 574 P.2d 272, 273 (1978) (implying that the rules of statutory construction apply to the construction of Nevada’s Rules of Civil Procedure).
 

 [21]
 

 See Fed. R. Civ. P. 25(a)(1) (providing that if a motion for substitution “is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed”); Fed. R. Civ. P. 6(b)(1)(B) (providing that “the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect”).
 

 [22]
 

 See, e.g., Nelson v. Heer,
 
 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) (recognizing that “federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules”).
 

 [23]
 

 See
 
 former Fed. R. Civ. P. 25(a) (prior to 1963 amendment) (stating that if a party dies, the court may within two years after the party’s death order substitution of the proper parties, but if substitution is not made within the two years, “the action shall be dismissed as to the deceased party”);
 
 see also Anderson v. Yungkau,
 
 329 U.S. 482, 484 (1947),
 
 superseded by statute as recognized in Al-Jundi v. Estate of Rockefeller,
 
 757 F. Supp. 206, 208 (W.D.N.Y. 1990).
 

 [24]
 

 Anderson,
 
 329 U.S. 482.
 

 [25]
 

 Id.
 
 at 486.
 

 [26]
 

 Id.
 
 at 485-86.
 

 [27]
 

 Id.
 
 at 485.
 

 [28]
 

 Al-Jundi,
 
 757 F. Supp. at 208;
 
 see also
 
 Fed. R. Civ. P. 25(a)(1) advisory committee’s note (1963 amendment).
 

 [29]
 

 See Anderson, 329 U.S.
 
 at 484;
 
 see also
 
 former Fed. R. Civ. P. 25(a)(1) (amended 1963) and Fed. R. Civ. P. 25(a)(1) (2007).
 

 [30]
 

 Fed. R. Civ. P. 6 advisory committee’s note (1963 amendment).
 

 [31]
 

 Id.;
 
 see also Al-Jundi,
 
 757 F. Supp. at 208.
 

 [32]
 

 Al-Jundi,
 
 757 F. Supp. at 209.
 

 [33]
 

 George v. U.S.,
 
 208 F.R.D. 29, 32 (D. Conn. 2001) (quoting
 
 Yonofsky
 
 v.
 
 Wernick,
 
 362 F. Supp. 1005, 1015 (S.D.N.Y. 1973) (quoting
 
 Staggers
 
 v.
 
 Otto Gerdau Company,
 
 359 F.2d 292, 296 (2d Cir. 1966))).
 

 [34]
 

 415 F.2d 983 (D.C. Cir. 1969).
 

 [35]
 

 Id.
 
 at 986.
 

 [36]
 

 208 F.R.D. 29, 32 (D. Conn. 2001).
 

 [37]
 

 Id.
 

 [38]
 

 122 F.R.D. 160, 161 (S.D.N.Y. 1988).
 

 [39]
 

 See Wharton
 
 v.
 
 City of Mesquite,
 
 113 Nev. 796, 942 P.2d 155 (1997);
 
 Bennett v. Topping,
 
 102 Nev. 151, 717 P.2d 44 (1986).
 

 [40]
 

 See, e.g., Nevada Power Co.
 
 v.
 
 Haggerty,
 
 115 Nev. 353, 364, 989 P.2d 870, 877 (1999).
 

 [41]
 

 S.N.E.A.
 
 v.
 
 Daines,
 
 108 Nev. 15, 19, 824 P.2d 276, 278 (1992) (providing that “shall” is mandatory “unless the statute demands a different construction to carry out the clear intent of the legislature”);
 
 see also State ex rel. PSC v. District Court,
 
 94 Nev. 42, 44, 574 P.2d 272, 273 (1978) (implying that the rules of statutory construction apply to the construction of Nevada’s Rules of Civil Procedure).
 

 [42]
 

 George,
 
 208 F.R.D. at 32 (citing
 
 Zeidman,
 
 122 F.R.D. at 161 (citations omitted)).
 

 [43]
 

 Under NRCP 60(b), when considering whether to set aside a default judgment based on mistake, inadvertence, surprise, or excusable neglect, a district court has discretion to set aside the default when the party shows (1) a prompt application to set aside the judgment was made, (2) the absence of intent to delay the proceedings, (3) a lack of knowledge of procedural requirements, and (4) good faith.
 
 See Stoecklein
 
 v.
 
 Johnson Electric,
 
 Inc., 109 Nev. 268, 271, 849 P.2d 305, 308 (1993);
 
 see also Yochum
 
 v.
 
 Davis,
 
 98 Nev. 484, 486, 653 P.2d 1215, 1216 (1982) (citing
 
 Hotel Last Frontier
 
 v.
 
 Frontier Prop., 79
 
 Nev. 150, 154, 380 P.2d 293, 295 (1963)). The district court is also required to consider the underlying public policy of deciding a case on the merits whenever possible.
 
 Yochum,
 
 98 Nev. at 487, 653 P.2d at 1217.
 

 [44]
 

 See Nelson v. Heer,
 
 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) (recognizing that “federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules”).
 

 [45]
 

 Ohlinger v. United States,
 
 135 F. Supp. 40 (Idaho 1955);
 
 Yonofsky v. Wernick,
 
 362 F. Supp. 1005, 1012-15 (S.D.N.Y. 1973).
 

 [46]
 

 208 F.R.D. 29 (D. Conn. 2001).
 

 [47]
 

 Id.
 
 at 31.
 

 [48]
 

 Id.
 
 at 32.
 

 [49]
 

 Id.
 
 at 33.
 

 [50]
 

 Id.
 

 [51]
 

 Id.
 
 at 32-33.
 

 [52]
 

 Id.
 
 at 33.
 

 [53]
 

 Id.
 

 [54]
 

 Id.
 

 [55]
 

 Id.
 

 [56]
 

 757 F. Supp. 206 (W.D.N.Y. 1990).
 

 [57]
 

 Id.
 
 at 210.
 

 [58]
 

 Id.
 

 [59]
 

 The 90-day limitation was not properly triggered, according to the federal district court, because the death of the decedent severed his attorney’s capacity to act on his behalf and the suggestion of death filed by the decedent’s attorney failed to name a successor.
 
 Id.
 
 at 209-10.
 

 [60]
 

 Id.
 
 at 210.
 

 [61]
 

 Id.
 
 at 209.
 

 [62]
 

 Id.
 
 at 209-10.
 

 [63]
 

 Id.
 

 [64]
 

 208 F.R.D. 29 (D. Conn. 2001).
 

 [65]
 

 757 F. Supp. 206 (W.D.N.Y. 1990).
 

 [66]
 

 See, e.g., George v. U.S.,
 
 208 F.R.D. 29, 33 (D. Conn. 2001) (citing
 
 Yonofsky v. Wernick,
 
 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973));
 
 Al-Jundi v. Estate of Rockefeller,
 
 757 F. Supp. 206 (W.D.N.Y. 1990).
 

 The Sinickis argue that we should adopt the analysis utilized in
 
 Scrimer v. Dist. Ct.,
 
 116 Nev. 507, 998 P.2d 1190 (2000), as it is factually similar to the scenario presented in this matter because the Sinickis were granted an extension of time to substitute and that substitution was completed within the extended limitation period. We decline to adopt the holding in
 
 Scrimer
 
 to the instant matter because in
 
 Scrimer
 
 we considered NRCP 4(i)’s requirement that a complaint he dismissed if it, along with the summons, is not served within 120 days of filing, unless the plaintiff shows good cause for late service. Rule 4(i) requires only a showing of “good cause,” while Rule 6(b)(2) specifically states that “excusable neglect” is the standard for granting an extension after the applicable time period has expired. “Good cause” and “excusable neglect” are distinct standards. Good cause generally is established when it is shown that the circumstances causing the failure to act are beyond the individual’s control.
 
 See State v. Williams,
 
 120 Nev. 473, 477, 93 P.3d 1258, 1260 (2004). On the other hand, in the context of federal Rule 6, excusable neglect generally requires a showing that the party acted in good faith and had a reasonable basis for its failure to comply with the applicable limitations period.
 
 See George,
 
 208 F.R.D. at 33;
 
 Al-Jundi,
 
 757 F. Supp. at 209-10.