IN THE SUPREME COURT OF THE STATE OF NEVADA

ANIMAL CARE CLINIC, INC., D/B/A
HORIZON RIDGE ANIMAL HOSPITAL,
A NEVADA CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
 and
MICHAELA GAMA, INDIVIDUALLY;
AND NANCY ROBBIN SMITH,
INDIVIDUALLY,
Real Parties in Interest.

No. 76445

FILED

JUL 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

Petitioner Animal Care Clinic, Inc., requests a writ of mandamus compelling the district court to allow Animal Care to proceed on its defamation and intentional interference claims against real parties in interest Michaela Gama and Nancy Smith. The district court granted in part and denied in part Gama's and Smith's special motions to dismiss under NRS 41.660, Nevada's anti-SLAPP statute. Animal Care argues that the district court clearly erred in concluding that the underlying speech at issue—negative online reviews of Animal Care's business—was mere opinion as a matter of law. Animal Care argues that Gama's and Smith's negative reviews continue to irreparably harm its reputation.

"Mandamus is an extraordinary remedy, and the decision to entertain such a petition is addressed to our sole discretion." *Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 658, 188 P.3d 1136, 1140 (2008). "In considering petitions for writ relief based on clear error or manifest abuse of discretion, this court applies the statute-based rule that the right of eventual appeal from the final judgment 'is generally an adequate legal remedy that precludes writ relief.'" *Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 820, 407 P.3d 702, 706 (2017) (quoting *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004)); *see* NRS 34.170; NRS 34.330.

We are not persuaded that Animal Care lacks an adequate legal remedy. The statutory scheme providing for anti-SLAPP special motions addresses interlocutory appeals. Nevada's anti-SLAPP statutes provide for an interlocutory appeal from an order denying a special motion to dismiss, but the statutes do not authorize an interlocutory appeal from an order partially granting a special motion. *See* NRS 41.670(4) ("If the court denies the special motion to dismiss filed pursuant to NRS 41.660, an interlocutory appeal lies to the Supreme Court."). The Legislature appears to have made the deliberate policy choice to allow interlocutory review of an order denying a special motion to dismiss but not one partially granting such a motion. *Cf. Tallman v. Eighth Judicial Dist. Court*, 131 Nev. 713, 719 n.1, 359 P.3d 113, 117 n.1 (2015) (addressing Nevada's arbitration statute, NRS 38.247, which analogously provides for interlocutory review of an order denying a motion to compel arbitration but not for an order compelling arbitration, and questioning *Kindred v. Second Judicial Dist. Court*, 116 Nev. 405, 409, 996 P.2d 903, 906 (2000), to the extent it suggests this makes mandamus review automatically appropriate for the latter).

We recognize Animal Care's argument that the delay involved in awaiting entry of final judgment could itself constitute irreparable harm, perhaps justifying extraordinary writ review. This case is in its infancy, and depending on what discovery establishes, Animal Care may be able to establish a basis for preliminary injunctive relief in district court, from the grant or denial of which an interlocutory appeal may be taken. *See* NRS 2.090(2); NRAP 3A(b)(3). Also, interlocutory review of an order partially granting a motion to dismiss may, on final certification, be available. *See* NRCP 54(b); NRAP 3A(b)(1). In light of these alternative adequate legal remedies, and given this case's ongoing factual development, the issues presented are before this court prematurely.[1] Accordingly, we deny Animal Care's petition—but do so without prejudice.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Rob Bare, District Judge
      Michael B. Lee, P.C.
      Brandon L. Phillips, Attorney At Law, PLLC
      Eighth District Court Clerk

---

[1]We note but deny Animal Care's motion for leave to supplement the petition with additional evidence.