# IN THE SUPREME COURT OF THE STATE OF NEVADA

NUVEDA, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
JENNIFER M. GOLDSTEIN, A
NEVADA RESIDENT,
Respondent.

No. 79806

FILED

OCT 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order affirming an arbitration award. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

After other members of appellant NuVeda, LLC, voted to expulse respondent Jennifer M. Goldstein as a member, the parties participated in private arbitration to determine the fair market value of Goldstein's interest in NuVeda. The arbitrator assessed Goldstein's interest at more than $2 million and awarded her attorney fees, costs, and prejudgment interest. NuVeda moved the district court to vacate the arbitration award. Goldstein sought to extend the briefing deadlines after she missed the time to file an opposition to NuVeda's motion. After Goldstein filed her opposition and the district court held a hearing, it entered an order granting Goldstein's motion to extend the briefing deadlines and denied NuVeda's motion to vacate the arbitration award. The district court then entered judgment confirming the arbitration award

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-37999

pursuant to NRS 38.243(1) (providing that the district court shall enter judgment upon confirming an arbitration award).

NuVeda argues that the district court abused its discretion in granting Goldstein's motion to extend the deadline to oppose its motion to vacate. It asserts the her motion was untimely as she filed it after the opposition's due date and that it contained no points and authorities discussing "excusable neglect" as required by the relevant rules. *See* NRCP 6(b)(1)(B)(ii) (giving the district court discretion to extend deadlines after they have expired "for good cause" upon a showing that "the party failed to act because of excusable neglect"); EDCR 2.25(a) (2019) (providing that the district court shall not grant a motion for an extension of time "unless the moving party . . . demonstrates that the failure to act [before the expiration of the deadline] was the result of excusable neglect"). We disagree. Goldstein's counsel explained that he did not address excusable neglect because he did not know the deadline to oppose NuVeda's motion had expired pursuant to EDCR 2.20(e) (requiring a party to file an opposition within 10 days). He claimed he was unaware that a portion of the Eighth Judicial District's local rules were suspended in light of the then-recent amendments to the Nevada Rules of Civil Procedure, in part because he normally practiced in a different judicial district. We agree that this, combined with her diligent, good faith efforts to obtain a stipulation to extend time from NuVeda's counsel is substantial evidence supporting the district court's finding that Goldstein demonstrated excusable neglect. *See Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 667-68, 188 P.3d 1136, 1146 (2008) (listing the factors for demonstrating excusable neglect under NRCP 6(b)(2)); *In re Petition of Phillip A.C.*, 122 Nev. 1284, 1293, 149 P.3d 51, 57 (2006) (noting that this court will not disturb a district court's factual findings on appeal "if they are supported by substantial evidence").

We also conclude that the district court did not abuse its discretion in allowing and considering Goldstein's untimely opposition to NuVeda's motion to vacate. *See Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 124 Nev. 272, 277-78, 182 P.3d 764, 768 (2008) (reviewing a district court's decision to consider a late-filed opposition for an abuse of discretion). Indeed, the record reflects that NuVeda was not prejudiced by the district court's exercise of discretion because it was able to file a response and argue against Goldstein's opposition. *See Moseley*, 124 Nev. at 668, 188 P.3d at 1146 (requiring a party to demonstrate that "the nonmoving party will not suffer prejudice" in order to show excusable neglect); *cf. Hotel Last Frontier Corp. v. Frontier Props., Inc.*, 79 Nev. 150, 154, 380 P.2d 293, 295 (1963) (explaining that, when considering whether a party has shown excusable neglect, counsel's lack of knowledge "as to procedural requirements has been given weight" where the party shows good faith). We further note that EDCR 2.20(e) only permits the district court to treat a late-filed opposition as a consent to granting the motion; it does not *require* it. *See* EDCR 2.20(e) ("Failure of the opposing party to serve and file written opposition *may* be construed as an admission that the motion . . . is meritorious and a consent to granting the same." (emphasis added)). Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

Supreme Court
OF
Nevada

(O) 1947A

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Kristine M. Kuzemka, Settlement Judge
Law Office of Mitchell Stipp
Dickinson Wright PLLC
Eighth District Court Clerk