134 Nev., Advance Opinion 109

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IRWIN GONOR, DECEASED; THE
ESTATE OF IRWIN GONOR; AND
ROBERT WOMBLE, SPECIAL
ADMINISTRATOR,
Appellants,
vs.
RICHARD J. DALE; KELLY MAYER;
RICK'S RESTORATIONS, INC.; KIKI
T'S LLC; MAKING HISTORY LLC; AND
BOOKIN' IT LLC,
Respondents.

No. 72949



FILED

DEC 27 2018

Appeal from a district court order dismissing a tort action.
Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

*Affirmed.*

Ryan Alexander, Chtd., and Ryan E. Alexander, Las Vegas,
for Appellants.

Morris Sullivan & Lemkul, LLP, and Christopher A. Turtzo, Las Vegas,
for Respondents.

BEFORE THE COURT EN BANC.

## OPINION

By the Court, DOUGLAS, C.J.:

In this appeal, we address whether the deceased party's actual date of death, or the suggestion of death filed on the record, triggers the 90-day time limitation prescribed in NRCP 25(a)(1) under which a motion to substitute the proper party in place of the deceased party must be filed in order to preclude dismissal. We hold that the latter triggers the 90-day limitation period. In this case, the plaintiff's attorney in the underlying proceeding filed two motions seeking to substitute for the deceased plaintiff after the defendant filed the suggestion of death on the record. Although both motions were filed within the 90-day period, the motions failed to identify the proper party for substitution under NRS 41.100. Accordingly, we affirm the district court's order dismissing the underlying complaint.

## FACTS AND PROCEDURAL HISTORY

Irwin Gonor initiated the underlying intentional interference of contractual relations action against respondents Richard J. Dale; Kelly Mayer; Rick's Restorations, Inc.; Kiki T's LLC; Making History LLC; and Bookin' It LLC. During the pendency of the suit, Gonor passed away on June 2, 2016. Shortly after Gonor's death, Gonor's attorney[1] engaged in settlement negotiations with respondents, at the direction of Gonor's mother and sole heir, Shirley Hoffner. The parties reached an agreement, and respondents forwarded a proposed settlement agreement to Gonor's attorney, which was returned to respondents with Hoffner's signature.

---

[1]"Gonor's attorney" is used here to identify the attorney who had been retained by Gonor to defend the underlying action.

 

Respondents first learned of Gonor's passing after questioning Hoffner's signature on the agreement.

On October 26, 2016, respondents filed a suggestion of death with the district court and served it on Gonor's attorney. On November 19, 2016, Gonor's attorney filed a motion to amend the complaint, which sought to designate Hoffner as plaintiff on the basis that she was Gonor's sole heir, or in the alternative, to allow an additional 120 days under NRCP 6(b) to open the estate of Irwin Gonor. Respondents filed an opposition and a countermotion to dismiss the case as untimely pursuant to NRCP 25(a)(1), and for failure to identify the proper party for substitution under NRS 41.100. After a hearing, the district court denied the motion to amend and granted respondents' motion to dismiss, finding that Gonor's attorney had not filed a motion to substitute within 90 days of Gonor's actual date of death.

On January 24, 2017, Gonor's attorney filed a second motion to amend the complaint, requesting to substitute appellant, the estate of Irvin Gonor, as plaintiff. On February 27, 2017, the probate court appointed appellant Robert Womble as special administrator for Gonor's estate. At a hearing held on March 28, 2017, the district court noted that it considered the second motion to amend to be a motion for reconsideration. The district court denied the second motion to amend and dismissed the case with prejudice. This appeal followed.

## DISCUSSION

### Standard of review

This appeal requires statutory interpretation of NRCP 25 and NRS 41.100, which are questions of law that we review de novo. *See J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 375, 240 P.3d 1033, 1039

(2010). This court has repeatedly stated that we will not look beyond a rule's plain language when it is clear on its face. *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014).

*The suggestion of death filed on the record by service triggers the 90-day time period under NRCP 25*

Appellants contend that the district court erred in concluding that Gonor's date of death triggered the 90-day period; rather, the 90-day period was not triggered until the suggestion of death was filed on the record. We agree.

Pursuant to NRCP 25(a)(1),

> [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, *shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion,* the action shall be dismissed as to the deceased party.

(Emphasis added.) A plain reading of NRCP 25(a)(1) mandates that the suggestion of death be filed on the record in order to trigger the 90-day period. *Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 659, 188 P.3d 1136, 1140 (2008) ("[G]enerally, once a suggestion of death has been filed in the district court, a motion for substitution must be made within 90 days of the date the death was suggested on the record.").

In addition, a plain reading of NRCP 25(a)(1) requires that the suggestion of death also be served on parties and/or nonparties before the

(O) 1947A

90-day period is triggered. In regards to nonparties, this court has already clarified that there is a difference between situations where a suggestion of death emanating from the deceased party fails to identify a successor or personal representative as opposed to situations where a plaintiff dies and the defendant files the suggestion of death. *Moseley*, 124 Nev. at 660-61, 188 P.3d at 1141. In the latter situation, we stated that "a suggestion of a plaintiff's death filed by a defendant is generally sufficient to trigger the 90-day limitation period within which . . . the deceased party's successor or personal representative are required to move for substitution." *Id.* at 657, 188 P.3d at 1139. The rationale behind this is that "requiring a defendant to speculatively identify a successor or personal representative for a deceased plaintiff incorrectly shifts the burden of locating a successor or personal representative to the defending party." *Id.* at 661, 188 P.3d at 1141.

NRCP 25(a)(1) is nearly identical to its federal counterpart, FRCP 25(a)(1), and federal courts have plainly interpreted the rule in a similar fashion. *See, e.g., Barlow v. Ground*, 39 F.3d 231, 233 (9th. Cir. 1994). Upon a party's death, FRCP 25(a)(1) also provides that "the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . , [otherwise] the action shall be dismissed as to the deceased party." The *Barlow* court recognized that "[a]lthough Rule 25(a)(1) could be clearer," the 90-day period is triggered by two affirmative actions: (1) "a party must formally suggest the death of the party upon the record," and (2) "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death." 39 F.3d at 233.

Here, the 90-day time period commenced once the defendants filed the suggestion of death upon the record and served it on Gonor's attorney on October 26, 2016. Gonor's attorney then filed two motions to amend—the first on November 19, 2016, and the second on January 24, 2017—both of which sought to substitute a plaintiff for the deceased Gonor. While Gonor's attorney filed the motions before the expiration of the 90-day limitation, the issue remains as to whether the motions to amend sought to substitute the proper party under NRS 41.000.

*A survival action may be maintained by or against the decedent's executor or special administrator under NRS 41.100*

Appellants contend that the motions to amend identified the proper party under NRS 41.100. Conversely, respondents argue that the motions to amend failed to indicate the proper party under NRS 41.100. We concur with respondents.

NRCP 25(a)(1) provides, "the court may order substitution of the proper parties." Pursuant to NRS 41.100(1), a survival action can be maintained by or against the decedent's executor or special administrator. *See also Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (providing that "Nevada authorizes survival actions by the executor or administrator of the decedent's estate" (internal quotation marks and citation omitted)); *Morrison v. Quest Diagnostics Inc.*, 139 F. Supp. 3d 1182, 1185-86 (D. Nev. 2015) (noting the same). An "executor" is defined as "a person nominated in a will and appointed by the court to execute the provisions of the will and administer the estate of the decedent." NRS 132.130. An "administrator" is defined as "a person not designated in a will who is appointed by the court to administer an estate." NRS 132.040. Thus, the proper party who may take the place of the deceased party within the meaning of NRCP 25(a)(1) includes either an individual named in the

will of the deceased party and appointed by the court to administer the estate or an individual appointed by the court to do the same.

In this case, the motions to amend failed to identify the proper party. Gonor died intestate, thus the proper party would be a special administrator appointed by the court. The first motion sought to substitute Gonor's sole heir, his mother, as a plaintiff, and also admitted that a special administrator had not yet been appointed. The second motion sought to substitute the estate of Irvin Gonor. Problematically, an estate is not a proper party; rather, the administrator of the estate must be named in the complaint. *See Jones*, 873 F.3d at 1128. And, it was not until after the 90-day period expired that a special administrator was appointed for Gonor's estate.[2] Accordingly, appellants did not timely seek to substitute the proper party under NRS 41.100(1).

## *CONCLUSION*

In sum, the district court improperly held that the motions to amend were untimely based on Gonor's actual date of death. Nonetheless, the district court's dismissal was proper because appellants failed to timely move to substitute the proper party. Thus, we affirm the district court's holding as it reached the right result, albeit for the wrong reason.

---

[2]The 90-day period to file a motion to substitute a proper party under NRCP 25 may be extended under NRCP 6(b)(2) if excusable neglect is shown. *Moseley*, 124 Nev. at 665, 188 P.3d at 1144. Because appellants neglected to address this argument on appeal, we need not consider this issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (this court need not consider claims that are not cogently argued or supported by relevant authority). In addition, appellants raised, but failed to cogently argue, that a motion to substitute the proper party should relate back to the date of the original complaint pursuant to NRCP 15(c).

*Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010).

_____, C.J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich