'140 Nev., Advance Opinion 51

IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS LABS, LLC, AN ARIZONA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
AMBER MARIE DUKES, BY AND
THROUGH THE SPECIAL
ADMINISTRATOR OF HER ESTATE,
Respondent.

No. 85946

FILED

AUG 22 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion to substitute a party and dismissing claims pursuant to NRCP 25(a)(1). Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

*Reversed and remanded.*

Gibbs Giden Locher Turner Senet & Wittbrodt LLP and Daniel M. Hansen, Las Vegas,
for Appellant.

The Law Offices of Patrick Driscoll, LLC, and Patrick R. Driscoll, Jr., Henderson,
for Respondent.

BEFORE THE SUPREME COURT, HERNDON, LEE, and BELL, JJ.

*OPINION*

By the Court, BELL, J.:

This opinion clarifies duties arising when a party dies during litigation. After the death of a party, the decedent's attorney—typically in

24-30028

the best position to identify a successor or representative—bears the burden to ensure litigation continues. The decedent's attorney has a responsibility under NRS 7.075 to file a notice of death and serve the notice on the other parties in the case. Under NRCP 25(a), service of the notice of death also must be made on the decedent's successors or representatives. Full compliance with NRCP 25(a) starts a 180-day deadline to substitute in the proper party. Regardless, under NRS 7.075, the decedent's attorney also has a responsibility to substitute a proper party within 90 days of the client's death.

Below, Amber Dukes's counsel filed a notice of Dukes's death but failed to serve the notice on any nonparty successors or representatives, so the 180-day deadline under NRCP 25 never started. Counsel additionally failed to identify and substitute the appropriate proper party as required by NRS 7.075. Despite these issues, the district court granted a motion to dismiss the case against Dukes. We reverse the district court's order and remand for the district court to substitute a special administrator for Dukes so the case may be adjudicated on the merits.

*FACTS AND PROCEDURAL HISTORY*

Dukes owned a veterinary supply company that bought and resold products from Thomas Labs, LLC. Thomas Labs sued Dukes and her company for money owed on products delivered. After litigation began, Dukes and her boyfriend, Jason Hilliard, executed "The Hilliard-Dukes Revocable Living Trust." The Trust held Dukes's property. Both Dukes and Hilliard served as trustees.

Several years into the litigation, Dukes died. Dukes's counsel filed a notice of death on the record on January 12, 2021. Counsel served the other parties to the case through the district court's electronic system but never took any action to identify, notice, or serve any executor, personal

representative, or next of kin for Dukes. Counsel also took no action to substitute another party in place of Dukes.

On March 12, 2021, Thomas Labs moved to substitute the Trust and Hilliard, as trustee, for Dukes. Thomas Labs served the motion to substitute on Dukes's counsel and Hilliard. Neither counsel, Hilliard, nor the Trust opposed Thomas Labs's motion. The district court granted the unopposed motion and substituted the Trust and Hilliard for Dukes. Thomas Labs then served discovery requests on the Trust and Hilliard and the case proceeded.

Approximately 300 days after the initial notice of death, a different law firm filed Dukes's will in probate court. The will appointed Dukes's brother Lynn Hill as personal representative. After the will was filed, Dukes's counsel in the civil case moved to dismiss Thomas Labs's causes of action against Hilliard, the Trust, and Dukes. Counsel claimed that neither Hilliard nor the Trust were the proper personal representatives so neither should have been substituted for Dukes. The district court entered an order dismissing Hilliard and the Trust, but the court returned Dukes to the suit.

Before entry of the order dismissing Hilliard and the Trust as representatives, Thomas Labs reached out to the named parties in the will. All named parties disclaimed interest in serving as Dukes' administrator at the time. Thomas Labs then petitioned the probate court for the appointment of a special administrator, Shara Berry, a paralegal in the law offices representing Thomas Labs. After the probate court granted the motion, Thomas Labs moved in the civil case to substitute the now-appointed special administrator as the proper party to continue the litigation in Dukes's stead. Two days before the hearing on the motion to

SUPREME COURT
OF
NEVADA

(O) 1947A

3

substitute, Hill challenged Berry's appointment as special administrator in probate court and sought to replace Berry. Hill was then appointed as special administrator by the probate court.

Meanwhile, in the civil case, Dukes's counsel responded to Thomas Labs's attempt to substitute in the special administrator by moving to dismiss the case against Dukes under NRCP 25. Counsel claimed the 180-day deadline for moving to substitute a personal representative had passed without a motion for substitution of a proper party. Thomas Labs opposed, arguing that counsel had failed to serve the notice of death on nonparty successors or representatives of Dukes, meaning the 180-day clock never started and the new motion to substitute was timely.

The district court denied Thomas Labs's motion to substitute as untimely and granted the motion to dismiss under NRCP 25. The district court concluded that service of the original notice of death on the parties, only, triggered the 180-day deadline for moving to substitute under NRCP 25 and the deadline had elapsed. The district court decided as a matter of law that Dukes's counsel would have to serve a nonparty successor or representative of Dukes only if such a person existed when the notice of death was filed. Because no court-appointed executor or administrator existed when Dukes's counsel filed the notice of death, the district court found serving the parties alone triggered the 180-day clock. The district court summarily concluded that Thomas Labs failed to demonstrate excusable neglect, and the court declined to enlarge the time to substitute. The district court dismissed all claims against Dukes. Thomas Labs appeals.

## DISCUSSION

Thomas Labs argues that the district court improperly dismissed Thomas Labs's claims against Dukes and misinterpreted NRCP 25(a), as informed by NRS 7.075. This case turns on the legal interpretation of NRCP 25 and NRS 7.075. This court reviews legal interpretations by the district court de novo. *See Gonor v. Dale*, 134 Nev. 898, 899, 432 P.3d 723, 724 (2018). We first address the requirements for proper service of a notice of death under NRCP 25(a). We next turn to the interrelated statutory obligations of a decedent's attorney under NRS 7.075.

Under NRCP 25(a), when decedent's counsel files a notice of death, in addition to serving the parties, counsel must serve the notice on eligible nonparty successors or representatives to trigger the 180-day deadline for dismissal. Additionally, NRS 7.075 requires the decedent's counsel to file a motion to substitute a proper party for the deceased client within 90 days of the client's death. In this case, the 180-day NRCP 25(a) deadline was never triggered, and the district court erred by dismissing the case based on the running of that deadline. Because we reverse and remand on this issue, we need not reach Thomas Labs's other arguments concerning the amended notice of death or excusable neglect.

*When decedent's counsel files a notice of the decedent's death, NRCP 25(a) requires service on nonparty successors or representatives before the 180-day deadline begins to run*

In Nevada generally, "no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." NRS 41.100. To preserve causes of action after the death of a party, NRCP 25(a) provides that any party or the decedent's successor or representative may move to substitute a "proper party" in the decedent's place. If substitution of the proper party is not sought within

Supreme Court
of
Nevada

(O) 1947A

5

180 days of service of the notice of death, however, the case "must be dismissed." NRCP 25(a)(1). "A motion to substitute must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4," and "[a] statement noting death must be served in the same manner." NRCP 25(a)(3).

NRCP 25 works in tandem with NRS 7.075, which governs counsel's duties upon the death of a client under representation in a pending action. *See* NRCP 25 advisory committee's note to 2019 amendment. Under the tandem operation of NRCP 25(a) and NRS 7.075, while anyone may file the notice of death and move for substitution within the 180-day deadline, the decedent's counsel bears ultimate responsibility to act and faces sanctions for failing to take action. *See* NRS 7.075 ("An attorney at law who represents any person who is a party to an action pending before any court shall . . . file a notice of death and a motion for substitution of a party with the court.").

The issue here is who must be served to trigger the 180-day period for requesting substitution under NRCP 25(a). This court has addressed the NRCP 25(a) service requirement in the past. In *Gonor v. Dale*, we concluded "a plain reading of NRCP 25(a)(1) requires that the [notice] of death . . . be served on parties and/or nonparties before the [time] period is triggered." 134 Nev. at 900, 432 P.3d at 725. *Gonor* followed Ninth Circuit Court of Appeals caselaw in holding that the 180-day deadline in NRCP 25(a)(1) "is triggered by two affirmative actions: (1) 'a party must formally suggest the death of the party upon the record,' and (2) 'the [noticing] party must serve other parties and nonparty successors or representatives of the deceased with a [notice] of death.'" *Id.* at 900-01, 432 P.3d at 725 (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)).

SUPREME COURT
OF
NEVADA

(O) 1947A

At the same time, a notice of death filed by an opposing party, rather than decedent's counsel, need not be served on decedent's nonparty successors or representatives to trigger the 180-day deadline. *Id.* at 900, 432 P.3d at 725 (citing *Moseley v. Eighth Jud. Dist. Ct.*, 124 Nev. 654, 660-61, 188 P.3d 1136, 1141 (2008)). This relaxed service requirement for notices coming from an opposing party avoids placing the burden on an opposing party of having to speculate as to the identity of a decedent's successors or representatives. *Moseley*, 124 Nev. at 661, 188 P.3d at 1141.

We now clarify that when a decedent's attorney notices their client's death, nonparty successors or representatives must be served to start the 180-day clock for dismissal. Unlike an opposing party, a decedent's counsel typically is in an excellent position to identify the decedent's successors or representatives. If no clear successors or representatives exist at the time of a party's death, the decedent's attorney—who bears the ultimate responsibility to file and serve the notice of death and ensure a representative is properly substituted—may work through probate to appoint a special administrator to serve as the decedent's representative and facilitate proper service. *See* NRS 139.040(1)(j) (allowing "any person or persons legally qualified" to administer an estate once all other persons with priority have declined); NRCP 25(a) (requiring participation from the decedent's "successor or representative"). A decedent's attorney who files the notice of death must serve the other parties and also nonparty successors or representatives of the deceased. Until these service conditions are met, the 180-day deadline does not start.

The district court here erroneously concluded a decedent's attorney was not required to serve nonparty successors or representatives with the notice of death when no clear representative was known at the time

the notice was filed. In dismissing the case against Dukes, the district court relied heavily on *McNamee v. Eighth Judicial District Court*. 135 Nev. 392, 450 P.3d 906 (2019). *McNamee* held that a notice of death need not identify the deceased's successor or representative on the face of the notice to trigger the 180-day deadline because NRCP 25(a)(1) did not require the representative to be named in the notice. *Id.* at 395-96, 450 P.3d at 909-10. The logic of *McNamee* does not assist when examining the service requirement for nonparties. While no rule requires naming a successor in a notice of death, the service of nonparties is explicitly contemplated by the text of the rule. *See* NRCP 25(a)(3) ("A motion to substitute must be served on the parties as provided in Rule 5 *and on nonparties* as provided in Rule 4. *A statement noting death must be served in the same manner.*" (emphases added)).

*McNamee* also did not overrule *Gonor*. We reaffirm the holdings of both cases. While *McNamee* focuses on the requirements for the notice itself, the case only briefly mentions service: "once the [notice] of death is filed on the record and served upon *the appropriate parties*, the deadline in NRCP 25(a)(1) for filing a motion to substitute is triggered." 135 Nev. at 396, 450 P.3d at 910 (emphasis added). *McNamee* never explains what is meant by "the appropriate parties," but the analysis from *Gonor* provides the answer. While a notice of death need not identify the deceased's successor or representative on its face to be sufficient per *McNamee*, the notice of death filed by the decedent's attorney must still be served on a nonparty successor or representative to meet the service requirement of NRCP 25(a)(1) per *Gonor*.

In this case, the 180-day deadline to move for substitution never started. After filing the notice of death, Dukes's counsel failed to serve the nonparty successors or representatives of Dukes in order to trigger the 180-day deadline for dismissal. *Gonor*, 134 Nev. at 900-01, 432 P.3d at 725. Counsel filed the notice of death through the district court's e-filing system, which electronically served the other parties to the case. Counsel never served any successors or representatives of Dukes. Because service on a representative or successor is required by *Gonor*, the NRCP 25(a)(1) 180-day deadline never started, and the case should not have been dismissed. The failures of decedent's counsel should not provide a tactical advantage in litigation because, as we discuss next, responsibility in this matter ultimately rests with decedent's counsel.

*NRS 7.075 requires decedent's counsel to substitute an eligible party within 90 days*

The burden of substitution also rests with the decedent's counsel under statute. If a party to an action dies, the decedent's attorney "shall, within 90 days after the death of that person, file a notice of death and a motion for substitution of a party with the court and cause a copy of that notice and motion to be served upon every other party to the action." NRS 7.075. The court may impose sanctions on a decedent's attorney who fails to meet this obligation, including attorney fees and costs. *Id.* The substitution requirement imposed by NRS 7.075 operates in conjunction with the notice and service rules established by NRCP 25(a). NRCP 25 advisory committee's note to 2019 amendment.

"When a statute's language is clear and unambiguous, it must be given its plain meaning, unless doing so violates the spirit of the act." *D.R. Horton, Inc. v. Eighth Jud. Dist. Ct.*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007) (internal quotation marks omitted). NRS 7.075 clearly and

unambiguously requires decedent's counsel to move to substitute someone who can continue representing their client's interests within 90 days of the client's death. Nothing in this opinion, however, should be taken to suggest this responsibility precludes any other individual from acting to substitute a proper party for a decedent consistent with applicable law. If another party or the decedent's successor or representative acts faster and moves to substitute a proper party within those 90 days, the decedent's attorney would be relieved of this duty.

Here, Dukes's counsel neglected his statutory obligations under NRS 7.075. Counsel failed to file a motion to substitute a party capable of representing his deceased client's interest within 90 days of her death. Thomas Labs's motion to substitute Hilliard and the Trust did not relieve Dukes's counsel of these statutory obligations because Hilliard and the Trust, as agreed by all concerned, were improper parties to represent Dukes's interest. Ultimate responsibility to ensure that a motion to substitute a party capable of representing the decedent's interest remains with the decedent's attorney. Because 90 days from Dukes's death passed and no motion to substitute a proper party was before the court, Dukes's counsel violated the clear and unambiguous requirements of NRS 7.075.

*CONCLUSION*

Decedent's counsel failed to serve nonparty successors or representatives after filing a notice of death. Because the nonparty successors or representatives were never served, the NRCP 25(a) deadline never started running. The district court erred by determining that counsel did not need to serve nonparty successors or representatives and by dismissing the case because no proper motion for substitution had been filed within the 180-day deadline under NRCP 25(e). As a result, we reverse the

district court's order dismissing the case and remand for the district court to substitute a special administrator for Dukes so the case may be adjudicated on the merits.

_____ , J.
Bell

We concur:

_____ , J.
Herndon

_____ , J.
Lee